If you'll call the next case, please. On Case 14-1040, David Balfour v. Carol Howes, Oral Argument not to Exceed 15 Minutes Please Aye. Reina Corbacus 44 Good morning, Your Honors. May it please the Court, Reina Corbacus from the Michigan Attorney General's Office on behalf of Respondent Appellant Carol Howes. The issue before this Court is a straightforward one, whether the District Court erred in granting an unconditional writ of habeas relief to a first-degree murderer. The District Court in this case did err because the State complied with the District Court's earlier order, which conditioned habeas relief on the State trial court holding a hearing within 90 days to determine whether one particular juror was biased. The State here timely held the hearing. It heard from the juror in question, and it made findings on the very issue that the District Court referenced in its order. Because of the State's compliance and the fact that the petitioner's constitutional rights at trial were not violated, the State asks this Court to reverse the District Court's unconditional writ. The District Court in this case based its unconditional writ essentially on two different factors. First, that the State trial court did not appoint petitioner counsel at the State evidentiary hearing, and second, that certain witnesses were not called. Neither of these factors warranted an unconditional writ. It's well established that courts speak through their orders, and the recipients of those orders can't really be expected to divine what a court had in its mind if it's not in the order's terms or words. Regarding the appointment of counsel, there was nothing in the District Court's conditional order about providing petitioner counsel. This is something even the District Court acknowledged in its unconditional writ. The District Court referenced only a hearing taking place. Does the Attorney General's Office take a position on whether or not the petitioner was entitled to counsel at that hearing? Our position is that he was not entitled to counsel. He didn't have a federal constitutional right to counsel at that hearing. There is no Supreme Court precedent indicating that there's a federal constitutional right to a hearing such as this one. And it's interesting. Constitutional right to counsel? I'm sorry, to counsel, yes, Your Honor. Pennsylvania v. Finley indicates that there is no right to counsel in State indiscretionary matters and in State and federal collateral proceedings. And this was a post-conviction, post-appeal. If there had been a right to counsel, would you say that the District Court conditional habeas order would have had to articulate all the features of the Remmer hearing that need to take place? If there had been a right to counsel? Right. Or any other feature of the hearing. I think if he did have a federal constitutional right to counsel, which he didn't, but if he did, I don't know that that would have to be necessarily articulated in the order. In this case, there was nothing in the order indicating that the District Court had intended for the trial court to appoint counsel. And it's interesting that the District Court itself in this case denied the petitioner's pre-hearing request for counsel. Petitioner filed a motion with the District Court to appoint counsel approximately a month before the hearing. And the District Court denied that, noting only that it was matter for the State trial court, implying that the State trial court had the discretion. But apparently the District Court reversed its position on that when it later issued the unconditional writ and it found that appointed counsel was essential to complying. Well, under Michigan procedures, forget about federal rights, what duties were on the State court judge relative to counsel? Under Michigan law, in this type of proceeding, there was no duty on the State trial court judge to appoint counsel. And that's something petitioner does cite to MCR 6.505A. And that rule is not applicable in this case because it isn't a State post-conviction proceeding. That rule is part of a set of procedural rules that apply to State post-conviction proceedings, typically motions for relief from judgment, and this is not that type of proceeding. And it wouldn't obligate the State trial court to appoint counsel here because it wasn't the State court that was requiring the hearing, it was the District court. And petitioners... One of the problems with that, it seems to me, though, just as a matter of sort of logic, is that let's assume that in the State trial this had come up and a Remmer hearing had been asked for and granted. At that point in time, the criminal defendant would have been entitled to counsel and presumably would have had counsel on the thing. So the issue kind of doesn't come up if the Remmer hearing is held when it's supposed to be held. Right. Yes, Your Honor, typically Remmer hearings do take place in the context of a trial. But in this case, it didn't take place in the trial context. It took place many years later, 11 years later, and there isn't a federal constitutional right to counsel at a proceeding, at a post-conviction, post-appeal proceeding such as this one. And it's error to conflate trial proceedings with post-conviction, post-appeal proceedings like this one. Well, it is certainly post-conviction chronologically, but is it not also an attempt to, in effect, isn't the federal court saying, this should have been done during the trial, so we're going to do the best we can to recreate what should have been done during the trial? So in respect to that, that's not a post-conviction proceeding. I mean, it requires a stretch because we all know that it's over with, but it seems to me that the construct is partially that it's just as if this was happening during the trial and it ought to be conducted in the same way. Well, if that's what the district court intended, it didn't indicate that in its order in any way. It also didn't indicate that in its order denying the motion for appointment of counsel. It didn't even suggest it in any way to the state court. It didn't give any indication that this was an essential element of complying with its earlier conditional writ, and I don't think that the state could have had any way of knowing that in light of the district court's order. The district court also granted the, oh, and I just wanted to add that petitioner's own prior counsel conceded that that court rule, that Michigan court rule, that the district court cited does not apply in this case when filing her motion. Again, the temporal reason. Yes. It's outside the trial framework, but you see the question Judge Guy puts with respect to that, that it effectively was. I mean, we could think of it that way. It's hard for me to see that. It was so many years after trial. This is undoubtedly a very post-conviction proceeding, 11 years after trial, and Remmer and Smith speak nothing about requiring counsel at these types of hearings, and petitioner cites to no Supreme Court case requiring counsel at these types of hearings. Not to belabor the point, but it certainly was post-conviction, but post-conviction proceeding in Michigan is sort of a term of art, and arguably this was not a post-conviction proceeding as that term is used all the things, the court rules and so forth, where Michigan sets out how you pursue relief after a conviction. Right. This was a collateral proceeding that took place. The remand was part of the habeas action. There isn't any Supreme Court precedent or federal constitutional right requiring counsel under these circumstances. Doesn't this whole discussion illustrate the problem of exhaustion here? This question has never been presented to either the state court, where presumably if it came back up it would be subject to a contrary to or unreasonable application of analysis, nor has this issue even been presented to the district court as a practical matter. That's right. That's exactly right, Your Honor. It hasn't been presented, and whether or not Michigan law established a right to counsel, that's a state law matter, and even if that rule did apply and it was violated, it would not warrant habeas relief. But the issue has never been presented to the Michigan courts, and that was part of the argument set forth in the brief that the issue hasn't even been exhausted. The other basis for the district courts... As a practical matter, under your Michigan rules, they're not going to be able to exhaust in the sense that your rule is going to, there's going to be an independent and adequate reason why you're not going to go back and hear that again at the state court level, right? Right. So then we're going to have to do Wainwright and see if there's cause and prejudice for having failed to bring it up on a timely basis. Correct. And I suppose that's going to take us to Strickland and deficient performance and prejudice? Correct. It would be a cause and prejudice analysis. It would be a defaulted claim in a cause and prejudice analysis. But there can't have been IAC because they didn't know about these allegedly biased actions or statements until well after trial, right? Right. The allegations didn't surface until later, but ultimately there can't be any prejudice here. And that was established at the hearing that was held. The juror that was allegedly prejudiced was called. The trial court questioned her. One of the things is the question as to whether the Reamer hearing that was held would have come out the same way had this person been represented by counsel who had done a better job and subpoenaed these other people to come in and testify. I think it's very speculative that counsel would have done a better job here. The district court would like to think that counsel would have called other witnesses, but I think that's entirely speculative. But the question isn't whether trial counsel would have been helpful to petitioner. The question here before this court is whether the state and the trial court complied with the district court's unconditional writ. And it's the state's position that it did. The other basis for granting the unconditional writ was that the trial court heard from only this one witness and no other witness. But, again, there was nothing in the district court's order requiring the prosecution to be called, nor were they needed. The single witness that was called at the hearing was the juror herself, and she was the most important witness to assess the claim of whether or not there was bias. Petitioner attempts to paint the hearing as somehow cursory or superficial, but the record shows otherwise. And I urge the court to take a look at that hearing record. The prosecutor extensively questioned the witness. The trial court asked questions. Petitioner was permitted to ask questions specifically about what the petition had alleged and the district court was concerned with. And in this case, the juror consistently and unequivocally denied any ties with the prosecution, either personally or through her daughter. And she did not know the prosecutors at petitioner's trial. She had never been to their home. She'd never discussed anything. You're essentially making either a no prejudice or a harmless error analysis here. The district court's decision, correctly or incorrectly, was that this person was entitled to a lawyer and the absence of a lawyer is structural error, so we don't get to prejudice or harmless error. What's your response to that? The absence of a lawyer at trial is structural error. Here we are well past trial. We are past appeal, too. We are at 11 years down the road, so there isn't a right to trial in the first instance. And the district court did not indicate that in its order in any way that it had wanted counsel to be appointed or that it wanted certain witnesses called. So there wasn't structural error because there wasn't a right to counsel at this type of proceeding. I see my time is up. Your time has expired. I'm looking at your brief to confirm what you want, a reversal. That's the prayer that... Yes. And then what? A reversal of the district court's unconditional writ. The state complied with the writ, and that would end the matter. I'm sure the district court would not have any further jurisdiction over the matter. All right. Thank you. May it please the court. Morgan Goodspeed, court-appointed counsel for David Balfour. The state talks a lot about what the district court didn't say in its conditional writ, but there are at least two implicit requirements in any conditional writ. The first is that the hearing held must be a constitutionally sufficient hearing, and that comes simply from the nature of a conditional writ. A conditional writ is an opportunity for a state to replace a constitutionally invalid proceeding with a constitutionally valid one. The second requirement is a requirement of good faith, or as this court has sometimes said, compliance with the letter and the spirit. And in this case, the district court's opinion turned on both of those factors, the lack of constitutional compliance and the lack of a good faith attempt. Let's start with the first one. I'm just having a lot of trouble figuring out why we get to this in the first instance here in the United States Court of Appeals. This hasn't been presented to the state court. We don't have any idea what their view of the matter was. Why, under all of our well-established exhaustion procedural default language in our cases, shouldn't this first be presented to the state court? Your Honor, the exhaustion issue in this case is a little unusual because it's rarely the case that a conditional writ is granted like this, and then there's a subsequent analysis of compliance. But the question that this court has said in terms of whether an issue needs to be exhausted anew is whether it deals with the same claim for which the conditional writ was granted originally. So in this case, Mr. Balfour's original claim was that he never received a full rumor hearing, and applying Section 2254D, the federal district court said that the state had violated clearly established law, and now the district court is reviewing compliance with its order. And part of the compliance is the question whether Mr. Balfour received a full rumor hearing, including received trial at that hearing. So in cases... That's a different issue. The question of what... You wanted a rumor hearing, you got the rumor hearing. Now, if there was a constitutional defect in the rumor hearing, that's just as if there had been a constitutional defect in the rumor hearing had it occurred during the trial. Let's assume that he had lawyer during the trial, the rumor came up during jury selection or during the trial, and for whatever reason, counsel's absent that day. You still have to raise that before the state court at some point. So why isn't your proper recourse here, if you don't like what happened during the rumor hearing, to file another habeas petition on that constitutional issue so that it gets exhausted? Your Honor, the question is whether there was compliance with the state court's order, and in this case, the failure to provide counsel is such a fundamental part of the provision of a rumor hearing that it relates to the question of compliance. Give me a case that says that. I think the best case for exhaustion in this context would be a case like D'Ambrosio v. Bagley. Give me a case that says that under the federal constitution, you get a lawyer at a rumor hearing held however many years after this was in connection with post-conviction relief. Your Honor, there is not a case, but we think that stands to reason because there has been no case cited by the state in this case or that we've been able to find in which a defendant was denied counsel at a rumor hearing. But the whole law of clearly established is you've got to find the Supreme Court having said something, not we just assume it because they didn't say it. That turns clearly established on its head. Well, Your Honor, to be clear, we're not applying, or you all are not applying, the AEDPA standards in this context. I realize that the state sometimes cites 2254D and 2254E, but as a reminder of the procedural posture here, the state has already failed to comply with clearly established law. The district court granted a conditional writ for that reason, and the state did not appeal. So now the state, we've essentially moved beyond AEDPA deference, and the state is reviewing for compliance with its conditional writ. And in those circumstances, it does not have to apply the standards of 2254D. So the question is for this court, at least in part, whether counsel is required at a rumor hearing. And I think the court can look to the Supreme Court's precedents, can look to this court's precedents, and see that it is the case that virtually every case addressing this has at least assumed that counsel would be present. Justice Stevens's opinion in Russian v. Spain says that that's basically obvious and uncontested. And even if counsel weren't required as a constitutional matter, then what this instead would be would be a state post-conviction proceeding, under which Mr. Balfour would be entitled to counsel under Michigan Rule 6.505. The oddity of the state's rule here... That doesn't give rise to a habeas rule. Well, again, Your Honor, we're not in a context where you are considering an application for a writ of habeas corpus. You're considering compliance with the district court's order. And when I mentioned earlier a good... You have to argue, as you are, that it's just simply implicit in connection with a rumor hearing that you get a lawyer, even if the rumor hearing occurs during post-conviction proceedings, right? That's correct. So what case do we look at that says that, regardless of whether it's been exhausted and regardless of whether we give deference or not? Where do we find that? Well, Your Honor, again, there is no case in which a defendant has been denied counsel at a rumor hearing. And I think that where you find it is simply a matter of common sense, that when a defendant is entitled to a constitutionally sufficient proceeding, the right to counsel travels with the right to that proceeding. So if a defendant... Go ahead. So if a defendant is entitled to counsel at a rumor hearing in the first instance and a rumor hearing is ordered in order to remedy a constitutional violation, then a defendant would also be entitled to counsel at that rumor hearing. Just as if a new trial is ordered to remedy a constitutional violation, a defendant would, of course, be entitled to counsel at that new trial. I would emphasize here that the species of sub-trial proceedings doesn't begin and end at rumor hearings. And under the state's theory here, this court would be potentially denying counsel in sub-trial post-conviction proceedings in a host of proceedings like baptism hearings, suppression hearings, entrapment hearings. I have a question about the district court's decision to remedy the absence of counsel, which the court obviously took very with what happened there and didn't appreciate that the state trial judge didn't act differently. Why is the remedy... Why wouldn't the right remedy be to return the case to the state court judge to conduct an appropriate hearing with counsel? Your Honor, this court has said in cases like Satterley and others that failure to comply with the condition in a conditional writ requires... Okay, but obviously we'd have to disagree with whether or not that a rumor hearing was conducted within the time frame that was timely. It was conducted, but the court's dissatisfied with the method. I think, Your Honor, the idea would be that a rumor hearing was not conducted at all. A hearing in which a defendant shows up with notice the night before where the government calls one witness... I understand that. Then you say there was no rumor hearing. That's your response. Correct. There was no constitutionally sufficient rumor hearing, or in the alternative, the rumor hearing was, if you want to call it that, was so deficient that it did not reflect a good faith effort on the state's part. In response to your question about remedy, I'd just add that there are some cases from this court in which a district court has some discretion generally, but in order for this court to say that the district court abused its discretion in not granting a subsequent rumor hearing, it would have to say that the district court failed to sua sponte grant that hearing. No, the argument that supports that would be the state's argument that the district court didn't lay out in more detail what it viewed as compliance, what would have been compliance with the conditional writ. Your Honor, two things in response to that. First, again, the district court didn't need to, to the extent that these are constitutionally required. I get it. The implicit is the response to that. The second response to that is that the district court has been, or district courts generally have been discouraged from setting out lengthy descriptions of what is to be required because, and this is sort of a fundamental defect in the state's argument in terms of why they think Rule 6.505 and others don't apply, because what's going on here, although we technically or colloquially may say the district court ordered a hearing, it's really a district court giving an opportunity or an extension of time for the state to elect to hold a constitutionally sufficient hearing. Let me come at the same thing but a slightly different hypothetical. As is frequently the case in conditional writs, more often than not, rather than some sort of a hearing, it's retry the defendant within 90 days or the writ's granted. So that kind of writ issues, and the state retries them within 90 days, but the trial is an absolute mockery. The judge falls asleep, the jury is looking things up on the Internet and so forth and so on. Does that person then come back to the district judge and say, hey, look at the trial I got, or does he have to do just what he would have done in the first instance? They're retrying him, and his remedy is what it would be if it was the first trial. I think this goes back to Judge McKinsey. Well, it does, it does, but it seems to me the retrial issue focuses it a little more without getting into whether it's collateral relief or whatnot. I mean, it's simply a new trial. Right. The way that the court has framed it, again in D'Ambrosio, is whether the question is And so I think in that case you would have an argument that it wasn't really a new trial afforded given that the proceeding was essentially a sham, and that that could then go back to the district court for review under compliance instead of through a new habeas petition. But the question ultimately has to be, was there compliance in the first instance? If yes, then we move on and a new claim can be raised in a new habeas petition. I think what we're both getting to is really what is the supervisory role of the district court in then monitoring not only whether they complied by granting a hearing, but the scope and proceedings before the state court. Can you think of any cases where, either in my analogy or in Judge Guy's analogy, that the district court has been that intrusive as to what happened during whatever the purpose was for it being sent back to the state court to start with? Your Honor, I think that one case from this court that we do not have cited in our briefs is in Reese-Salem, and I can give you the citation for that in a moment. And that's an example, sorry, that's at 631 F3D 809. And that's an example of the difference between the complaint about the original, the sufficiency of the original hearing, and then the new claim raised. And so in that case, the defendant's habeas petition had said, I did not receive a public entrapment hearing. The district court agreed, granted a conditional writ. The hearing was held, but only one witness testified, and it went back to the district court on the question of whether that hearing was enough. In that case, the district court said yes, but then subsequently there was a new habeas petition that went to the Sixth Circuit. On that topic? On a different topic, on the question of the results of the hearing. In other words, was the defendant actually entrapped as a matter of law? And that's the same type of structure that we think should apply here, that the district court was correct to analyze in the first instance, was this a sufficient proceeding? But if Mr. Balfour had been provided a sufficient proceeding, then the results of the hearing, so for example, the question of whether Ms. Gunning was actually biased, could have been challenged in a new habeas petition to the district court, and that habeas petition would have received a pedeference in that case. So I would... So the only difference then is this issue of structural error. Appealing on whether somebody was actually biased, I mean, that's not a question of structural error. The only reason that you can come up with to bypass what would seemingly be the example you just gave us, where you come back with a new petition, is that this is a fundamental aspect of the constitutionality of the Remmer hearing and absence of a lawyer's structural error. No, Your Honor. It's more than that. It's whether the state has complied with the district court's order, and the state's failure to provide counsel, combined with the many other failures of the state here, notice the insufficiency of the hearing and so forth, go to the state's good faith effort to comply with the conditional writ. I see my time is up. Thank you. Just briefly, Petitioner says that he didn't get a constitutionally sufficient proceeding because he didn't have counsel, but can point to no Supreme Court precedent holding that he gets counsel. Even the district court acknowledged this in its unconditional order. And also indicated that under Remmer, an argument can be made that Petitioner gets counsel. That isn't a holding. An argument can also be made that he doesn't get counsel. Petitioner claims that no Remmer hearing even took place here. A Remmer hearing did take place. There's a transcript of it. It's a lengthy transcript. And again, I urge the court to take a look at it. Petitioner has not established any bad faith by the state in this case. The state did precisely what it was ordered to do, hold a timely hearing, address the question of whether a particular juror was biased. A number of questions were asked of her specifically about her bias and issues that the district court had expressed concern about. And the trial court made findings on the very issue that the district court had directed it to. Given the state's compliance, the unconditional writ should be reversed. At the very least, the state substantially complied with the district court's conditional order. And what would you say with respect to the district court's discretion at that stage of the game where this comes back to him? Is there discretion? Should we be thinking about the discretion where he didn't find it sufficient? And is that within discretion or is that some matter of law? To find that the trial court... To determine that the Remmer hearing was no Remmer hearing. I'm not sure I understand the question. Well, is that within his discretion to evaluate that hearing in different ways? The district court may determine whether or not the state... Or the compliance with his order. That's what he's evaluating. Is that within a discretionary frame or is it yes or no? The district court would have discretion to determine whether or not the state complied. So there would be an argument that that was his call. Even though you say there was a hearing, the transcript ended it, right? Correct. And you'd have to look at the reason why the district court found that the state didn't comply. And the reasons that the district court here did cite... We would evaluate as an abuse of discretion? Well, I'm sorry if I misspoke. The review of the district court's order here is a de novo review by this court. To the extent that this court may have suggested in another opinion that there's some type of discretion. There was no abuse of discretion. Or there would have been an abuse of discretion in this case by the district court. But it is de novo review, the district court's granting of the writ. It is a de novo review. Supposing that the Remmer hearing was held in a manner that nobody questioned its adequacy. But at this point in time, then, does the result of that hearing come back to the district court judge for review? Supposing the district court judge, I mean, excuse me, the state court judge held the hearing and concluded that the juror wasn't biased. Then does that somehow get back to Judge Hood and she says, I disagree? It would be very difficult for the district court to make those findings. The trial court in this case, the state trial court, was in the best position to assess the juror's bias. It viewed her testimony. And it made findings of fact which on habeas are entitled to great deference. And even the Supreme Court has said trial court determinations on juror credibility are entitled to special deference. That was in the Patton case. So it would be very, very difficult for, unless clear and convincing evidence was shown that the trial court had made erroneous findings. But there isn't any evidence of that. And petitioners also not set forth any reasons to view the juror's assertions as suspect or unreliable in any way. Okay. Anything further? Apparently not. Thank you. Thank you. All right. We will. I say we'll.